UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON ORLANDO ECHOLS, #204922,

                    Petitioner,

                                          CASE NO. 15-CV-14234

v.                                  HONORABLE JOHN CORBETT O'MEARA

DUNCAN MACLAREN,

                    Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Leon Echols

("Petitioner") was convicted of second-degree murder and possession of a firearm during the

commission of a felony following a jury trial in the Recorder's Court for the City of Detroit (now

Wayne County Circuit Court) and was sentenced to consecutive terms of 75 to 100 years

imprisonment and two years imprisonment on those convictions in 1989. In his pleadings, Petitioner

raises claims concerning the state courts' characterization of his state collateral review motion, an

upward sentencing departure, and the unavailability of his trial and sentencing transcripts on

collateral review.

      On December 16, 2015, the Court ordered Petitioner to show cause why his petition should

not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas

actions. Petitioner filed a timely response to the Court's show cause order asserting that his delay

in filing his habeas petition should be excused due to State action. In particular, he cites a delay in

obtaining transcripts and other state court records.  Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed.  The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.    Procedural History

Petitioner was convicted and sentenced in 1989.  The Michigan Court of Appeals affirmed his convictions and sentences in 1992.  Petitioner apparently did not pursue a direct appeal with the Michigan Supreme Court.

Petitioner filed a motion for resentencing with the state trial court in 2011.  Because Petitioner was no longer entitled to a direct appeal in the state courts, the trial court construed the motion as a motion for relief from judgment and denied it pursuant to Michigan Court Rule 6.508(D)(3).  *People v. Echols*, No. 89-07735 (Wayne Co. Cir. Ct. April 30, 2012) (opinion attached to petition).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Echols*, No. 312933 (Mich. Ct. App. June 18, 2013.  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  *People v. Echols*, 495 Mich. 952, 843 N.W.2d 548 (March 7, 2014).  Petitioner filed a motion for reconsideration, which was also denied.  *People v. Echols*, 495 Mich. 1009, 846 N.W.2d 391 (May 27, 2014). Petitioner subsequently filed a petition for a writ of certiorari with the United States Supreme Court, which was denied.  *Echols v. Michigan*, _U.S. _, 135 S. Ct. 714 (Dec. 1, 2014).

Petitioner dated his federal habeas petition on November 24, 2015.  As noted, the Court subsequently issued a show cause order concerning the timeliness of the petition and Petitioner filed a timely response to that order.

### III.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996.  The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions and sentences became final before the AEDPA's effective date. Prisoners whose convictions became final before the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The record before the Court indicates that Petitioner filed his motion for resentencing with the state trial court in 2011. Thus, the one-year period expired well before Petitioner sought post-conviction collateral review in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. Rather, he seems to assert that the State created an impediment and cites difficulties in obtaining transcripts and other records from his state criminal proceedings. Such circumstances do not establish that the State created an impediment to the filing of his habeas petition in a timely manner. A prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317, 323-24 (1976), and the lack of a transcript itself is not a circumstance which justifies tolling of a limitations period. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52

-4-

(E.D. Mich. 2002).  Petitioner also fails to show that the inability to obtain transcripts or other materials prevented him from timely seeking habeas review.  *See Young v. Curtis*, 102 F. App'x 444, 447 (6th Cir. 2004).  For example, he could have filed a state post-conviction motion (or federal habeas petition) within the one-year period and then sought production of the transcripts or other materials relevant to his claims.  Moreover, the documents Petitioner submitted in response to the show cause order indicate that his appellate attorney had trial and sentencing transcripts as of February, 1992 and that Petitioner obtained transcripts and his entire court file in November, 1998, but did not file his motion for resentencing with the state trial court until 2011.  He fails to establish that any State-created impediment prevented him from taking such action sooner.  His petition is therefore untimely under 28 U.S.C. § 2244(d).

Moreover, even if the Court were to excuse Petitioner's delays until 2011 and toll the time in which his motion for resentencing and related appeals were pending in the state courts, his habeas petition is still untimely.  While the one-year limitations period is tolled from the filing of an application for state post-conviction or collateral review until a decision is issued by the state supreme court, it is not tolled during the time when a prisoner seeks a writ of certiorari with the United States Supreme Court because the Supreme Court is not part of the state post-conviction process (as opposed to the direct appeal process).  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).  In this case, the Michigan Supreme Court denied reconsideration on collateral review on May 27, 2014.  Petitioner did not date his federal habeas petition until November 24, 2015 – well after the one-year period expired.  His petition is thus untimely and subject to dismissal.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645

(2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The unavailability of transcripts and other documents, or the delay in obtaining them, is not a circumstance which justifies equitable tolling of a limitations period. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (citing cases); *Grayson*, 185 F. Supp. 2d at 751-52; *see also Diaz v. Milyard*, 314 F. App'x 146, 148 (10th Cir. 2009) (petitioner not entitled to equitable tolling based on lack of court records and transcripts where he did not request records until four years after limitations period began to run). Petitioner's requests for transcripts or other documents also do not toll the one-year period. *Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (noting that a petitioner has the option of filing a timely petition and then seeking discovery and amending the petition). Furthermore, Petitioner obtained his transcripts and court file in 1998, yet still waited until 2011 to seek collateral review in the state courts. He fails to demonstrate that extraordinary circumstances prevented him from seeking federal habeas review in a timely manner.

-6-

Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to show that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court

authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. He thus fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is untimely and must be dismissed.

## IV.   Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date: January 12, 2016



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 12, 2016, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager